IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD A. GRISWOLD,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>JIM PILLEN,<br><br>　　　　　Respondent. | **8:24CV116**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's Motion for Reconsideration, Filing No. 33; Motion for Default Judgment, Filing No. 34; Motion for Hearing, Filing No. 35; and Motion for Status, Filing No. 37. With this Memorandum and Order, the Motion for Status is granted. The remaining Motions will be denied.

## I. BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction for first degree murder and use of a weapon to commit a felony. Filing No. 1. On initial review, the Court dismissed the Petition for lack of jurisdiction because it constituted a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and Petitioner had not obtained authorization from the Eighth Circuit Court of Appeals to file it. Filing No. 17 at 3-4; *see also* 28 U.S.C. § 2244(b)(3)(A). The Court did not issue a certificate of appealability, Filing No. 17 at 4, but Petitioner sought a certificate from the Eighth Circuit. *See* Filing No. 27 at 1. The Eighth Circuit also denied issuing a certificate of appealability and dismissed Petitioner's appeal. Filing No. 27 at 1. Petitioner now moves for reconsideration of the dismissal, for default judgment, and for a hearing to move his Petition forward. Petitioner's basis for each of these motions is that

the Nebraska Attorney General never entered an appearance or responded to the Petition.

## II. DISCUSSION

Although Petitioner's Motions could be denied on numerous grounds, a common thread is his apparent misunderstanding of federal habeas proceedings. The basis for each of his Motions is that because the Nebraska Attorney General never appeared or filed a response, Petitioner is entitled to reopen his habeas proceedings, Filing No. 33 at 1; obtain default judgment under Federal Rule of Civil Procedure 55, Filing No. 34 at 1; and receive an evidentiary hearing, Filing No. 35 at 1.

When a habeas petition is filed, Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* requires the Court to conduct an initial review. If "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Rule 4 directs the Court to dismiss the petition summarily. Rule 4, *Rules Governing § 2254 Cases*. The respondent[1] is not required to appear or file a response unless and until the Court orders it to do so. *See* Rule 4, *Rules Governing § 2254 Cases*; *see also* Rule 5, Rules Governing § 2254 Cases. Because this Court dismissed Petitioner's Petition on initial review, no respondent was under any obligation to appear.

Moreover, the Court dismissed the Petition for lack of subject matter jurisdiction because the Petition was successive. A motion for reconsideration cannot confer

---

[1] Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Petitioner named the Governor of Nebraska as Respondent and claims the Nebraska Attorney General was required to respond. Neither are the appropriate respondent in a federal habeas action.

jurisdiction, and Petitioner has identified no change in law or newly discovered evidence that would warrant relief under Federal Rule of Civil Procedure 60(b) or any other rule. To the extent Petitioner seeks to renew his habeas claims, he must first obtain authorization from the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart,* 549 U.S. 147, 152-53 (2007). The Nebraska Attorney General's lack of an appearance does not alter this requirement in any way.

IT IS THEREFORE ORDERED:

1.   Petitioner's Motion for Reconsideration, Filing No. 33; Motion for Default Judgment, Filing No. 34; and Motion for Hearing, Filing No. 35; are each denied.

2.   Petitioner's Motion for Status, Filing No. 37, is granted with this Memorandum and Order.

Dated this 20th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3